UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 18-0090 (PLF)
)
ANDRE WILLIAMS, )
)
Defendant. )

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Andre Williams' Motion to Dismiss or for Alternative Relief [Dkt. Nos. 21 & 22]. The motion is fully briefed and the Court held an evidentiary hearing on January 8, 2019. Upon consideration of the testimony presented at the hearing and the arguments of counsel, the Court will grant the motion.

The Court has concluded that the Bureau of Prisons, an arm of the government, has destroyed documents essential to the defendant's presentation of his defense. While the Court does not find that the Bureau of Prisons acted in bad faith, it finds that its apparently long-standing "policy" – never reduced to writing – not only contravenes the express terms of the written document retention policy, the so-called Performance Work Statement, but is totally nonsensical. Furthermore, the unavailability of the evidence will make it next to impossible for the defendant to mount a defense. The Court rejects the government's claims that the defendant has other available means of obtaining comparable evidence. There is no comparable evidence.

For these and other reasons, the Court concludes that, because the United States has destroyed relevant evidence, it is impossible to know whether it would be favorable under

Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). In view of the Brady standards applicable to prosecutors and their agents pre-trial, as opposed to post-trial or on appeal, see United States v. Safavian, 233 F.R.D. 12 (D.D.C. 2005, Mr. Williams is entitled to the benefit of all reasonable inferences that the missing evidence would be favorable. See United States v. Vega, 826 F.3d 514, 531-534 (D.C. Cir. 2016) (due process claim based on missing photograph); United States v. Moore, 452 (F.3d 382, 387 (5th Cir. 2006) (due process claim based on failure to preserve BOP tape recordings).

While the Court will not dismiss the indictment at this stage, if the case goes to trial, the Court will give a missing evidence instruction and permit counsel to argue to the jury that it may infer that the destroyed evidence would have been unfavorable to the party who failed to produce it, the United States. Accordingly, it is hereby

ORDERED that the defendant's motion for alternative relief is GRANTED [Dkt. No. 22]. The government is directed to file a report with the Court on or before August 28, 2019 advising whether the government wishes to proceed with the prosecution of this matter or whether the Court may dismiss the indictment.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 6, 2019